UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHRISTOPHER S. BARRY,

    Plaintiff,

v.                                           Case No.  5:20-cv-246-TKW/MJF

KEVIN K. MCALEENA,

    Defendant.
                                      /

## REPORT AND RECOMMENDATION

Because Plaintiff has failed to prosecute this action and has failed to comply with two court orders, the undersigned respectfully recommends that the District Court dismiss this action without prejudice.[1]

### I. BACKGROUND

Plaintiff, proceeding *pro se*, filed suit alleging violations of the Whistle Blower Act, Privacy Act, and Plaintiff included a claim for defamation under the FTCA. On September 29, 2021, the undersigned directed Plaintiff to submit an amended complaint or a notice of voluntary dismissal. The undersigned provided Plaintiff until October 20, 2021 to comply. Plaintiff did not comply with that order,

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

however. On November 4, 2021, the undersigned directed Plaintiff to show cause why he failed to comply with the court's order. The deadline for Plaintiff to respond was November 19, 2021. As of the date of this report and recommendation, Plaintiff has not responded to the court's show cause order. He also has failed to file an amended complaint or notice of voluntary dismissal.

## II. DISCUSSION

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827 (1996); *see e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim when a party fails to comply with an applicable rule or court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (noting a court's inherent power to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). Courts need not wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a

plaintiff's failure to comply with a court order); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

On September 29, 2021, the undersigned ordered Plaintiff to file an amended complaint or a notice of voluntary dismissal. Despite having over two months to comply with the undersigned's order, Plaintiff has not prosecuted this action in any respect. He also has not complied with the undersigned's order to show cause. For these reasons, the undersigned recommends that this action be dismissed without prejudice.

### III.  CONCLUSION

Because Plaintiff has failed to prosecute this action and has failed to comply with two court orders, the undersigned respectfully **RECOMMENDS**:

1. This case be **DISMISSED** without prejudice.

2. The clerk of the court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 10th day of December, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**